UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABIMAEL AYALA-GONZALEZ,

        Petitioner

v.

STATE OF NEW YORK,                                21-CV-177JLS(Sr)

        Respondent

---

## DECISION AND ORDER

Petitioner has filed a *pro se* petition for writ of *habeas* corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction following a trial by jury of second degree murder in violation of New York Penal Law § 125.25(1), and second degree criminal possession of a weapon in violation of New York Penal Law § 265.03(3), violated his constitutional rights in that the verdict was not supported by legally sufficient evidence; the jury verdict was against the weight of the evidence; the trial court failed to charge the jury regarding intra-racial identification; his trial was tainted by prosecutorial misconduct; defense counsel was ineffective; and his sentence is excessive. Dkt. #1.

On appeal to the New York State Appellate Division, Fourth Department, petitioner, represented by The Legal Aid Bureau of Buffalo, Inc. ("Legal Aid"), argued that the verdict was not supported by legally sufficient evidence; the jury verdict was against the weight of the evidence; the trial court failed to charge the jury regarding intra-racial identification; the trial was tainted by prosecutorial misconduct; defense

counsel was ineffective; and his sentence is excessive. As relevant to the instant motion, petitioner argued on direct appeal that he received ineffective assistance of counsel because his trial attorneys referred to him as an interstate drug dealer; failed to object to ballistics testimony; and failed to object to misconduct by the prosecutors. The Appellate Division, Fourth Department affirmed the conviction on December 21, 2018. *People v. Ayala-Gonzalez*, 167 A.D.3d 1536 (4th Dept. 2018). The Court of Appeals denied leave to appeal on March 25, 2019. *People v. Ayala-Gonzalez*, 33 N.Y.3d 945 (2019).

By Decision and Order entered February 11, 2020, the Hon. Christopher J. Burns, New York State Supreme Court, Erie County, appointed Legal Aid to represent petitioner on post-judgment motions. Dkt. #13, p.20.

On February 21, 2020, the United States Supreme Court denied *certiorari*. *Ayala-Gonzalez v. New York*, 140 S.Ct. 1133 (2020).

By letter dated March 9, 2020, petitioner expressed his concern to Legal Aid that the deadline for filing his *habeas* petition was February 24, 2021 and would not be tolled until his motion pursuant to New York Criminal Procedure Law ("CPL"), § 440.10 was filed. Dkt. #13, p.23.

By letter dated March 16, 2020, Legal Aid confirmed the February 24, 2021 deadline for filing the *habeas* petition and the fact that this deadline would not be

tolled until the CPL § 440.10 motion was filed. Dkt. #13, p.31. Legal Aid advised that the process of obtaining all the evidence necessary for the CPL § 440.10 motion would "likely take more time than the direct appeal." Dkt. #13, p.31.

By letter dated May 4, 2020, petitioner asked Legal Aid about obtaining billing records from his trial counsel and expressed concern about COVID delaying preparation of his CPL § 440.10 motion. Dkt. #13, pp.34-35.

By letter dated May 18, 2020, Legal Aid advised petitioner that it would be able to "get the ball rolling regarding the vouchers" when offices "begin to reopen because of COVID-19" but referred questions regarding deadlines for *habeas* petitions to this Court's *Pro Se* Assistance Program. Dkt. #15, p.13.

By letter dated June 25, 2020, Legal Aid advised petitioner that it would not seek disclosure of trial counsel's billing vouchers because the amount of time indicated on the vouchers would not prove petitioner's claim of ineffective assistance of counsel. Dkt. #15, p.10. Instead of focusing on the number of hours worked, Legal Aid advised that it would identify issues that trial counsel failed to investigate. Dkt. #15, p.10.

Petitioner filed this *habeas* petition on January 28, 2021. Dkt. #1. With respect to his claim of ineffective assistance of counsel, petitioner complains that his trial attorneys referred to him as an interstate drug dealer; failed to object to ballistics testimony; and failed to object to misconduct by the prosecutors. Dkt. #1, pp.10-11.

Petitioner also complained that his trial attorneys failed to launch an investigation into the whereabouts of witnesses who could have confirmed that petitioner was not present at the scene of the shooting and was not the shooter; failed to test the "Flip" phone discovered at the scene of the shooting; and permitted the prosecutor to elicit testimony explaining why witnesses mistakenly identified someone else as the shooter when viewing photographs of potential suspects. Dkt. #1, p.11.

Respondent filed its memorandum of law on June 30, 2021, noting that peitioner had moved for *vacatur* under CPL § 440.10, but a decision remains pending. Dkt. #10, p.4.

On July 29, 2021, petitioner filed a motion asking the the Court to: (1) direct respondent to include all submissions regarding the pending CPL § 440.10 motion within the record before this Court; (2) appoint counsel to assist petitioner in filing his CPL § 440.10 motion; (3) grant a stay of the petition pending resolution of the CPL § 440.10 motion; and (4) extend petitioner's time to reply to respondent's opposition to the petition. Dkt. #13.

On December 1, 2021, Legal Aid informed Justice Burns of a conflict and requested appointment of another attorney to represent petitioner on his CPL § 440.10 motion. Dkt. #15, p.2.

Plaintiff filed a second motion for appointment of counsel on December 8, 2021. Dkt. #15.

Appointment of Counsel

In support of the motion for appointment of counsel, petitioner argues that he does not speak English and has no legal training. Dkt. #14, p.12. He also argues that the determination that his CPL § 440.10 motion warranted assignment of counsel should support assignment of counsel to assist him with this petition as well. Dkt. #13, p.12. In his subsequent motion for appointment of counsel, petitioner argues that counsel is appropriate in this court because two years have passed since he was appointed counsel to prepare his state court post-judgment motions and there is no telling how many more years might pass before a new lawyer might do so. Dkt. 15.

It is well settled that there is no constitutional right to representation by counsel in *habeas corpus* proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). However, the Criminal Justice Act does provide for representation by counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 upon a determination by the court that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *See* 28 U.S.C. § 2254(h). In exercising this discretion, district courts consider factors such as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *Thomas v. Searls*, 515 F. Supp.3d 34, 39 (W.D.N.Y. 2021).

Regardless of any language barrier, petitioner has demonstrated an ability to present both the factual and legal basis of his claims to this court. Moreover,

petitioner is receiving assistance from counsel appointed by the state court to investigate his claims and raise appropriate legal issues in a CPL § 440.10 proceeding. Until such these claims have been exhausted in state court, appointment of counsel in this court is premature.

### Motion to Stay

The petition for writ of *habeas corpus* contains ineffective assistance of counsel claims that were raised by petitioner on direct appeal and are exhausted, as well as ineffective assistance of counsel claims that petitioner expects to raise in a CPL § 440.10 motion but are as yet unexhausted. Because a claim of ineffective assistance of counsel can turn on the cumulative effect of all of counsel's actions, New York courts uniformly hold that allegations of ineffective assistance of counsel involving matters appearing on the record should be reviewed together with claims that require consideration of facts outside of the trial-court record in collateral proceedings. *Pierotti v. Walsh*, 834 F.3d 171, 178 (2d Cir. 2016); *Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991). Thus, petitioner is correct that even though he presented an ineffective assistance of counsel claim on direct appeal of his conviction, the merits of such a claim is best addressed by a CPL § 440.10 motion which can consider strategic decisions that are outside of the trial court record. Dkt. #13, p.11

To allow for such review, the district court may stay the *habeas* petition while petitioner proceeds to exhaust the unexhausted claims in state court so long as the petitioner can demonstrate: (1) "good cause" for his failure to exhaust his claims in

state court before the commencement of his federal *habeas* petition; (2) that the unexhausted claims are "potentially meritorious" or at least not "plainly meritless;" and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Petitioner argues that the upheaval created by COVID-19 provides good cause for the delay in filing his post-judgment motions and that the appointment of counsel by the judge who presided over his state court trial demonstrates that his ineffective assistance of counsel claim is not plainly meritless. Dkt. #14, pp.7-10. More specifically, petitioner argues that COVID-19 prevented him from filing his CPL § 440.10 motion prior to the deadline for filing his *habeas* petition, which would have tolled the statute of limitations for filing the *habeas* petition while the CPL § 440.10 motion was addressed by the state court. Dkt. #13, pp.7-8.

Petitioner should not be faulted for his assigned counsel's inability to file post-judgment motions before the statute of limitations ran on his *habeas* petition. The inability of petitioner's assigned counsel to investigate his ineffective assistance of counsel claim during the COVID-19 pandemic and the determination by assigned counsel that a conflict necessitated assignment of new counsel are each sufficient to satisfy the good cause standard. Furthermore, the determination by the state court judge who presided over petitioner's trial that assignment of counsel was warranted to investigate petitioner's claims of ineffective assistance of counsel is sufficient to satisfy the court the petitioner's claims are not plainly meritless. Finally, the record is clear that petitioner has not engaged in dilatory tactics, but has been stymied by factors beyond his control. Accordingly, the Court finds it appropriate to stay this petition pending

resolution of his post-judgment proceedings in state court. Petitioner shall provide the Court with a report as to the status of such proceedings forthwith, at which time the Court can address the need for additional submissions from the parties.

Petitioner's motion to stay references additional claims of ineffective assistance of counsel being investigated for the CPL § 440.10 motion which do not appear to be included in the current *habeas* petition. To the extent that petitioner seeks review of any such claims by this Court, he will need to move to amend his *habeas* petition once he has exhausted them before the state court. Because the statute of limitations for filing a habeas petition has expired, petitioner will be required to demonstrate that the proposed amendment "relates back" to the claims in the original petition. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* Because the "relation back" requirement is narrowly construed, however, a newly raised ineffective assistance of counsel claim will not relate back to an earlier claim that relied upon a different type of attorney malfeasance. *Love v. Martuscello*, 17-CV-6244, 2022 WL 2109244, at *9 (W.D.N.Y. June 10, 2022).

**SO ORDERED.**

DATED:   Buffalo, New York
         July 20, 2022

　　　　　　　　　　　　　　　　　　　　 *s/ H. Kenneth Schroeder, Jr.*
　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**