

**MICHAEL J. STACHOWSKI, P.C.**
Attorneys and Counselors at Law
2025 Clinton Street
Buffalo, New York 14206
(716) 824-5353
Email: stachlaw@aol.com

UNITED STATES DISTRICT COURT
FILED
APR 2 2 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

*Michael J. Stachowski*
*Michael B. Jones (1961-2012)*

*Deborah Kubiak*
*Legal Assistant*

*Diana Szymendera*
*Legal Assistant*

*Marlene McDonald*
*Legal Assistant*

September 2, 2022

Katherine Ayala-Gonzalez
2308 East 29th Street
Lorain, OH  44055

    RE:  People v. Abimael Ayala-Gonzalez
        Indictment No. 01459-2014

Dear Mrs. Gonzalez:

    As per your request of September 2, 2022, enclosed please find Assistant District Attorney, Paul Williams' letter of June 30, 2022 enclosing Opposing Affidavit in response to defendant's motion of May 5, 2022 to vacate judgment relative to the above matter.

    Thank you for your courtesy and cooperation herein.

                    Very truly yours,

                    Michael J. Stachowski

MJS/mam
Enclosures
cc:  Abimael Ayala-Gonzalez
    w/Enc.



# OFFICE OF THE ERIE COUNTY DISTRICT ATTORNEY

**JOHN J. FLYNN**
DISTRICT ATTORNEY

**MICHAEL J. KEANE**
FIRST DEPUTY DISTRICT ATTORNEY

June 30, 2022

HON. M. WILLIAM BOLLER, J.S.C.
SUPREME COURT PART 13
ERIE COUNTY COURTHOUSE
BUFFALO NY 14202

   Re:  People v Abimael Ayala-Gonzalez
       Indictment No. 01459-2014

Dear Justice Boller:

     Enclosed is an Opposing Affidavit and an affidavit of service in the above-referenced matter. Further, per the request of the Court, enclosed please find a copy of the Appellate Division, brief for appellant and respondent.

         Very truly yours,

         JOHN J. FLYNN
         DISTRICT ATTORNEY

   By:  PAUL J. WILLIAMS, III
       Assistant District Attorney
       Chief, Appeals Bureau

PJW/kad
Enc.
c: Michael J. Stachowski, Esq. ✓

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK

                v

ABIMAEL AYALA-GONZALEZ

                             Defendant

**OPPOSING AFFIDAVIT**

Indictment No. 01459-2014

STATE OF NEW YORK    )
COUNTY OF ERIE      ) ss.
CITY OF BUFFALO    )

MICHAEL J. HILLERY, being duly sworn, deposes and says:

1. I am an attorney duly admitted to the practice of law in the State of New York.

2. I am an Assistant District Attorney, appearing of counsel to JOHN J. FLYNN, District Attorney of Erie County, on behalf of the People of the State of New York.

3. This affidavit is made in response to defendant's motion of May 5, 2022 to vacate judgment under CPL 440.10.

4. This affidavit is based on information and belief derived from the confidential file of the District Attorney's Office, records of past proceedings, and defendant's motion.

5. The People contest every factual claim and legal conclusion within defendant's motion, unless expressly acknowledged.

6. Defendant was charged with murder in the second degree and criminal possession of a weapon in the second degree for shooting Manuel Mateo to death. He was tried by a jury and convicted as charged, and was sentenced to fifteen years to life in prison and five years of post-release supervision.

7. Defendant appealed to the Appellate Division, Fourth Department, arguing 1) the verdict was not based on legally sufficient evidence or consistent with the weight of the evidence; 2) his trial was not fair; 3) he did not receive effective assistance of counsel; 4) the court

wrongly denied the defense request for a racial identification charge; and 5) the sentence was excessive.

8.      On December 21, 2018, the Appellate Division unanimously affirmed the judgment (*People v Ayala-Gonzalez*, 167 AD3d 1536 [4th Dept 2018]).

9.      The Court of Appeals denied leave to appeal (*People v Ayala-Gonzalez*, 33 NY3d 945 [2019]).

10.     Defendant requested, but was denied, a writ of certiorari to argue various claims before the U.S. Supreme Court (*Abimael Ayala-Gonzalez v New York*, 140 S Ct 1133 [2020]).

11.     In his present motion, brought under CPL 440.10, defendant claims – just as he did on direct appeal – that he received ineffective assistance of counsel.

12.     The alleged reasons for counsel's ineffectiveness are the very reasons defendant presented on direct appeal, namely, that counsel prejudiced his own client by candidly describing him to the jury as a drug dealer, failed to object to various instances of alleged prosecutorial misconduct, and failed to object to firearms examiner Jennifer Coombs' testimony as violating defendant's right of confrontation. A copy of defendant's appellate brief and the People's responding brief are attached.

13.     These very claims and their specific grounds were raised to the Appellate Division on direct appeal and rejected as without merit; defense counsel's representation was adjudged meaningful (*People v Ayala-Gonzalez*, 167 AD3d 1536 [4th Dept 2018]).

14.     Consequently, this Court must deny defendant's motion (CPL 440.10[2][a]).

15.     In any event, defendant's claim of ineffectiveness stemming from counsel's reference to his background as a drug dealer reflects a disagreement over strategy. Whether winning or losing, however, counsel's strategy was legitimate (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]).

16.     It is commonly known that drug sellers are at risk of violent death from competitors in the trade or dissatisfied buyers.  Presenting defendant as a drug dealer placed him in a particularly endangered class of people, which harmonized with counsel's portrayal of him as having fled in fear or confusion from where the actual shooter had struck (Trial transcript, p. 940).

17.     Far from a blunder, this was a shrewd concession aimed at deflecting the accusation that defendant was the killer.

18.     Counsel's failure to object to Coombs's testimony that laboratory supervisor Bert Pandolfino had agreed with her findings was inconsequential (Trial transcript, p. 859).

19.     Coombs had just testified that the report of her findings had to be reviewed by a qualified analyst, Pandolfino in this case, before it could be sent out.

20.     The report was sent out; the prosecutor had it and was questioning Coombs about it on direct examination.

21.     By simple deduction, Pandolfino must have reviewed the report and agreed with its findings.  A jury needed no help seeing this.

22.     Finally, most of the unchallenged alleged prosecutorial misconduct was not misconduct at all, so counsel cannot be held ineffective for leaving it alone (*People v Stultz*, 2 NY3d 277, 287 [2004]).  In any event, defendant mostly fails to elaborate his claim, merely citing to pages from the trial transcript which he claims, as he did on direct appeal, contain examples of misconduct. The People addressed these alleged examples before the Appellate Division, which determined that they lacked merit.

23.     One supposed instance of unchallenged misconduct on which defendant does elaborate somewhat was in allowing the prosecutor to misstate why certain witnesses identified Michael Soto instead of him.  However, in argument, the prosecutor had every right to advance a reasonable explanation for the misidentifications.

24.    The witnesses had only seen defendant from behind, and he and Soto shared several traits in common.

25.    More critically, these witnesses expressed uncertainty about their identifications (Trial transcript, p. 581-584, 597-599, 982). There were no actual – certainly no confident – identifications, only qualified selections through myriad photographs.

26.    Defendant received a fair trial, owing much to counsel's competent representation.

27.    Counsel vigorously pursued a strategy of undermining confidence in the police investigation and the handling of leads. This strategy was coherent and likely the most powerful available, even though ultimately unsuccessful, because of the photographic selections, albeit tentative, of Michael Soto by two People's witnesses. Defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

28.    In sum, defendant's CPL 440.10 motion represents a second bite of the apple. His claims were advanced on direct appeal and rejected on their merits by the Appellate Division. On that basis alone, defendant's motion must be denied. But even were this Court authorized to ignore the mandatory procedural bar and decide defendant's motion exclusively upon a de novo review of his claims, it should find them to be without merit.


WHEREFORE, the People ask this Court to deny defendant's motion entirely.


MICHAEL J. HILLERY
Assistant District Attorney


Subscribed and sworn to before me
this 30th day of June, 2022.


KRISTY A. DULAK
Notary Public, State of New York
Qualified in Erie County
My commission expires 08/27/2025.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

THE PEOPLE OF THE STATE OF NEW YORK,
                          Respondent

         ·v

ABIMAEL AYALA-GONZALEZ,
                        Defendant

_____

AFFIDAVIT
OF SERVICE

Indictment No. 01459-2014

STATE OF NEW YORK  )
COUNTY OF ERIE     ) SS:
CITY OF BUFFALO    )

        KRISTY A. DULAK, being duly sworn, deposes and says:

        That she is over the age of twenty-one (21) years and is employed by the County of Erie at the Erie County District Attorney's Office; that on June 30, 2022, she served the within Opposing Affidavit upon Michael J. Stachowski, Esq., attorney for defendant-appellant, addressed to Michael J. Stachowski, Esq., at his office located at 2025 Clinton Street, Buffalo, New York 14206, by depositing a true copy of same, securely enclosed in a postpaid wrapper, in a Post Office box regularly maintained by the United States Postal Service at the Erie County Hall in the City of Buffalo, New York in the above-captioned matter.

                                      KRISTY A. DULAK

Subscribed and sworn to before
me on June 30, 2022.

ELAINE J. WILLIAMS
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 09/04/2025.

SUPREME COURT COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK

against     v

ABIMAEL AYALA-GONZALEZ

     Defendant

**OPPOSING AFFIDAVIT**

Indictment No. 01459-2014

JOHN J. FLYNN
District Attorney of Erie County
25 Delaware Avenue
Buffalo, NY 14202-3903
716/858-2424

SIR:

    PLEASE TAKE NOTICE; that a             , of
which the within is a copy, was duly entered in the office of the County Clerk of Erie County, on the
day of            , 20

JOHN J. FLYNN
District Attorney of Erie County

To:                 , Attorney(s) for

TO:

    Attorney(s) for

Date and personal service of a             , of which
The within is a copy, and notice of entry thereof, is hereby admitted this        day of      , 20

        Attorney(s) for

STATE OF NEW YORK, COUNTY OF        SS:

                   , being duly sworn deposes and says:
deponent is not a party to the action is over 18 years of age and resides at
On           , 20, deponent served the within         upon
     at
the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly
addressed wrapper in a post office-official depository under the exclusive care and custody of the United States Post Office
within the State of New York.

Sworn to before me, this           day of         , 20

Notary Public, Commissioner of Deeds



# MICHAEL J. STACHOWSKI, P.C.

**Attorneys and Counselors at Law**
**2025 Clinton Street**
**Buffalo, New York 14206**
**(716) 824-5353  *  EMAIL: stachlaw@aol.com**

*Michael J. Stachowski*
*Michael B. Jones (1961-2012)*

*Diana Szymendera*
*Legal Assistant*

*Deborah Kubiak*
*Legal Assistant*

*Marlene McDonald*
*Legal Assistant*

May 5, 2022

Hon. Susan Eagan
County Court Judge
25 Delaware Avenue, Part 18
Buffalo, NY 14202

RE:    People v. Abimael Ayala-Gonzalez
        Indictment No. 01459-2014

Dear Judge Eagan:

Enclosed please find the original of the following motion papers regarding the above-referenced matter.

1. Notice of Motion to Vacate Judgment;
2. Affidavit of Abimael Ayala-Gonzalez
3. Attorney Affirmation with Exhibits on disk; and
4. Affidavit of Service by U.S. Mail

Due to the voluminous pages of Exhibits, we have put them on a CD. The return date for this motion is scheduled for **May 13, 2022 at 9:30 a.m.** unless advised differently from this Court.

Thank you for your courtesies in this matter and if you should have any questions, please call our office.

Very truly yours,

MICHAEL J. STACHOWSKI, PC

Michael J. Stachowski

MJS/ds
Enclosures
cc (w/encs):    John Flynn, Esq. (Erie County District Attorney)

1 of 14

STATE OF NEW YORK
COUNTY COURT  :  COUNTY OF ERIE

PEOPLE OF THE STATE OF NEW YORK,

                vs.

ABIMAEL AYALA-GONZALEZ,

                Defendant.

**NOTICE OF MOTION TO
VACATE JUDGMENT**

Indictment No. 01459-2014

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Michael J. Stachowski, attorney for the defendant, Affidavit of Abimael Ayala-Gonzalez and upon all the prior proceedings and pleadings heretofore had herein, the undersigned will make a motion before Special Term of this Court, before the Hon. Susan Eagan, located at 25 Delaware Avenue, Buffalo, New York on the 13th day of May 2022 at 9:30 a.m. on that day, or as soon thereafter as counsel can be heard,

      1)      For an Order pursuant to Criminal Procedure Law §440.10 and §440.30 that the conviction was obtained in violation of the defendant's right to counsel in that the promises, representations, and coercions in the trial violated what was in and of itself a lack of effective assistance of counsel.

      2)      And for such other and further relief as this Court deems just and proper.

Dated:  May 5, 2022

Your, etc.

Michael J. Stachowski, Esq.
Attorney for Defendant
2025 Clinton Street
Buffalo, NY 14206
(716) 824-5353

To:    John Flynn, Esq.
       District Attorney
       25 Delaware Avenue
       Buffalo, NY 14202

STATE OF NEW YORK
COUNTY COURT  :  COUNTY OF ERIE

PEOPLE OF THE STATE OF NEW YORK,

vs.                                                        **AFFIDAVIT**

ABIMAEL AYALA-GONZALEZ,                       Indictment No. 01459-2014

Defendant.

STATE OF NEW YORK      )
COUNTY OF ERIE          ) ss:

ABIMAEL AYALA-GONZALEZ, being duly sworn, deposes and says:

1.      I was convicted by a jury for one count of murder in the second degree (Penal Law

§125.25[1]) and one count of criminal possession of a weapon in the second degree (Penal Law §

265.03[3]).

2.      I was represented in the court below by Jessica Kulpit and Andrew LoTempio.

3.      It appeared that they weren't really trying to defend me.

4.      Later I learned many of the things they did violated my rights under the Sixth and

Fourteenth Amendments to be 1) represented by effective counsel; and 2) for my case to be

conducted within the bounds of due process and fundamental fairness.

5.      I was very surprised from the very onset of our trial when, during voir dire, my own

attorney called me a drug dealer.  In voir dire, without prompting, my attorney said, "Mr. Matteo

is involved in drugs.  I'll tell everyone from the jump, the defendant is, too.  The – Mr. Ayala-

Gonzalez, this whole case, there's going to be drugs everywhere" (Trial Transcript at 358).  If that

was not enough, she a short time later said, "I'm telling you right now, you're going to hear more

talk about it, Mr. Ayala-Gonzalez comes back and forth from Ohio to pick up cocaine from the owner of Pandora's and take it back to Ohio and sell it" (Trial Transcript at 392).

6.      This information was never brought out at trial by the prosecutor or any direct evidence but the jury pool was already affected by my client's telling them that I was a high-level interstate drug dealer. In summation she did it again. My attorney went first. Ms. Kulpit said, "We told you he's a drug dealer. He comes here to and from Ohio to deal drugs . . . He's a drug dealer" (Trial Transcript at 939-940). Because of this, even though it was not proved at trial, the prosecutor was able to use this admission to their advantage in the summation and push the theory that this was a drug deal gone wrong and it resulted in a shooting of Mr. Matteo by me. The theory that I shot the decedent over a batch of drugs was never proven at trial and is totally not true (Trial Transcript at 985). I have no idea why Jessica Kulpit called me a drug dealer. This was never discussed as trial strategy nor did it advance any of the theories they told me they were going to use in my defense. I feel that I was strongly prejudiced by this uncalled for, unreasonable, and unauthorized misstatement by my attorneys. It conveyed to the jury that I was involved in a vast drug-trafficking network that spanned several states and essentially violated state and federal laws and it placed in the minds of the jury that this was a criminally motivated killing and that it was a drug-related murder that was never proven at trial by the prosecutors. None of this evidence came in as direct evidence in the People's case and yet my attorneys made a point of it both in their opening voir dire to the jury pool and in summation to the jury that was picked.

7.      Moreover, there were other prosecutorial misstatements which were not objected to. There were failures during the summation to object to prejudicial comments about evidence that was never proven at trial. My attorneys allowed the prosecutor to run rampant with their summation suggesting and inferring facts that were never proven at trial.

-2-

8.     As can be seen in my attorney's affirmation, he outlined the federal standard in

*Strickland v. Washington*, 466 US 668, 694 (1984), and many state court cases which found lack

of effective assistance of counsel.  I have been furnished with his affirmation and I concur with

the material that is contained therein in making my request to vacate the conviction and ordering

a new trial in my case.


ABIMAEL AYALA-GONZALEZ


Sworn to before me this
22 day of April   2022.


Notary Public

Benjamin A. Wilson
Notary Public, State of New York
Reg. No. 01WI6298373
Qualified in Erie County
Commission Expires 3/10/2026

-3-

STATE OF NEW YORK
COUNTY COURT : COUNTY OF ERIE

PEOPLE OF THE STATE OF NEW YORK,

        vs.

ABIMAEL AYALA-GONZALEZ,

        Defendant.

**ATTORNEY AFFIRMATION**

Indictment No. 01459-2014

MICHAEL J. STACHOWSKI, an attorney admitted to practice in the courts of this state hereby affirms under penalty of perjury that the following statements are true except that he simply believes to be true those statements made on information and belief:

1.    I am the counsel for Abimael Ayala-Gonzalez in the above-captioned case. I make this affirmation in support of the Defendant's motion pursuant to C.P.L. §§440.10 and 440.30 to vacate the judgment of conviction against him in the Erie County Supreme Court on August 17, 2016.

2.    I am fully familiar with the facts and proceedings in this case, having obtained the briefs and record in the plenary appeal in the court below and have read and researched all of those proceedings.

**A.**    **Original State Proceedings**

3.    By indictment No. 01459-2014, the defendant Ayala-Gonzalez was convicted in this Court of one count of murder in the second degree (Penal Law §125.25[1]) and one count of criminal possession of a weapon in the second degree (Penal Law §265.03[3]). The Defendant was found guilty by a jury after a trial before Justice Christopher J. Burns of the Supreme Court. On August 17, 2016 Judge Burns sentenced Ayala-Gonzalez to 15 years to life on the first count and fifteen years determinate time with five years of post-release supervision on the second count

of the indictment to run concurrently. A true and accurate copy of the Trial Transcript is attached hereto as **Exhibit 1**.

**B.**     **State Appeals**

4.     In Point III of Ayala-Gonzalez's direct appeal to the Appellate Division, his attorney raised six different claims of ineffective assistance of his trial counsel. A true and accurate copies of the cover pages and Point III of the Brief For Appellant are attached hereto as **Exhibit 2**.

5.     On December 21, 2018 the Appellate Division, Fourth Department affirmed Ayala Gonzalez's conviction *People v. Abimael Ayala-Gonzalez*, 167 AD3d 1536 (4th Dept 2019). This case was based on shaky, less-than circumstantial evidence. In this case, Mr. Ayala-Gonzalez's own attorneys referred to him on the record as a drug dealer supplanting the prosecution with a motive that was never proved.

6.     Another error on the part of the defense attorneys were failing to object when the prosecution entered into evidence the expert findings of a ballistic examiner, who never testified at trial, who attempted to connect Mr. Ayala-Gonzalez to the gun. He was left with an attorney defending him who allowed the prosecution to spoon-feed the jury theories under the guise of "evidence" without any objection on dozens of occasions. In this kind of a case, the active participation and assistance of defense counsel was not only a necessity but a constitutional guarantee.

7.     In looking at whether an individual has received effective assistance of counsel, the courts view the totality of the circumstances to see whether there was effective assistance of counsel. A defendant must demonstrate "the absence of strategic or legitimate explanations for counsel's allegedly deficient conduct." See, *People v. Cleremont*, 22 NY3D 931, 937 (2013). Under the federal standard, a court must determine if there "is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence of the outcome." *Strickland v. Washington*, 466 US 668, 694 (1984).

8.      The Fourth Department has held that the defense counsel is ineffective where he fails to object to prosecutorial misconduct or glaring misrepresentations of the prosecution in summations. See, *People v. Rozier*, 143 AD3D 1258, 1260 (4th Dept 2016); see also, *People v. Case*, 150 AD3D 1634, 1637-38 (4th Dept 2017). In this case, the defense counsel failed to object on numerous occasions to outrageous statements of the prosecutor in glaring misrepresentations. This deprived his client to the right of effective counsel. There is no apparent strategic explanation for a defense attorney's failure to object to pattern of prosecutorial misstatements such as statements that misrepresent the evidence central to the determination of guilt. See, *People v. Wright*, 25 NY3D 769, 780 (2015).

1.      **The failure to protect Mr. Ayala-Gonzalez from prejudicial information from voir dire, the prosecution's direct and cross-examinations, openings, and summations.**

9.      Counsel's failure to object to information which develops factual inferences adverse to his client  is a breach of his constitutional rights to effective counsel. See, *People v. Moore*, 102 AD2D 898, 898 (2d Dept 1984); see also, *People v. Brown*, 61 AD3d 1427, 1428 (4th Dept 2009). Failure to object relieves the prosecution of its burden of proof and has no logical connection to defense strategy. See, *People v. Cleophus*, 81 AD3d 844, 846 (2d Dept 2011). Nor can it be deemed effective when he calls his client a drug dealer and prejudices his own client and supplants the motive in the prosecutor's case when there was none. See, *People v. Fleegle*, 295 AD2d 760, 761 (3d Dept 2002). When a defense attorney intentionally brings damaging information that is favorable to the prosecution, a finding of ineffective assistance of counsel is proper. See, *People v. Mehmood*, 112 AD3d 850, 854 (2d Dept 2013). It is inherently prejudicial

-3-

for a defense attorney to refer to his own client as a "drug dealer." See, *People v. Tapia-DeJesus*, 124 AD3d 1404, 1405 (4th Dept 2015). Here the defense counsel calls into character his own client and leaves the impression that there are drug crimes that are hidden from their purview. This cannot be reasonable trial strategy. See, *People v. Jeannot*, 59 AD3d 737, 737 (2d Dept 2009); see also, *People v. McCray*, 140 AD3d 794, 798 (2d Dept 2009) (reversing where defense counsel elicited testimony that connected defendant to the crime).

10.     A second prong is that defense counsel should protect his client's right to confrontation and he can't disregard the Sixth Amendment right to confrontation. He must be sure that the prosecution is not allowed to have hearsay testimony of another witness through an expert who is called and conducted independent tests. See, *Bullcoming v. New Mexico*, 564 US 647, 52 (2011); see also, *Melendez-Diaz v. Massachusetts*, 557 US 305, 310-311 (2009). The use of one expert as a conduit for the conclusions of other experts is in strict contravention of the Confrontation Clause. See, *People v. Alcivar*, 140 AD3d 425, 426-427 (1st Dept 2016); *lv denied* 28 NY3d 1070 (2016). This is readily apparent when the reports are prepared at the request of the prosecution and are not dependent on analyzing raw data. See, *People v. John*, 27 NY3d 294, 307-308 (2016).

11.     In this case they attempted to link the defendant to a gun through the use of a ballistics expert and not through a DNA expert or someone who would have information. Moreover, there failed to be objections of the prosecutor's misconduct and misstatements. In the summation alone, there are at least twenty instances where the prosecutor misstated the evidence, bolstered her witnesses, overstated the probative value of DNA evidence, or postured unsupported theories as proven evidence. See, Trial Transcript at 959, 960, 962, 964, 965, 966, 966, 968, 970-971, 975-976-977, 980, 981-982, 984-987. Each of these occurred without objection from the

defense counsel. See, *Case, supra,* 150 AD3d at 1637-1638 and *Rozier, supra,* 143 AD3d at 1260).

However, the most problematic was the witnesses' misidentifications where defense counsel

routinely allowed the prosecutor to misstate why witnesses identified a known drug dealer from

two houses down as the shooter instead of Mr. Ayala-Gonzalez, despite obvious visual

discrepancies between the two See, *Moore, supra,* 192 AD2d at 898 and *Miller, supra,* 87 AD3d

at 1076-77. Defense counsel knew about the court's pre-trial ruling about this matter. He knew it

was central to the case and to the defendant's innocence. He knew it was important because he

twice moved for mistrial because of the prosecutor's misuse of the same information. But when

it could have been used in the most prejudicial manner in the summation, he did not object once.

He relieved the prosecution of its heavy burden. See, *Cleophus, supra,* 81 AD3d at 846. There

was no strategy in failing to object to such crucial misrepresentations. See, *Wright, supra,* 25

NY3d at 780.

12.      Perhaps one of the most critical errors of this defense counsel was characterizing

his client as a drug dealer. Beginning in voir dire. without prompting, his attorney informed all

the prospective jurors, "Mr. Matteo is involved in drugs. I'll tell everyone from the jump, the

defendant is, too. The – Mr. Ayala-Gonzalez, this whole case, there's going to be drugs

everywhere" (Trial Transcript at 358). If that was not enough, defense counsel admitted all the

elements of a federal drug trafficking offense a short time later when she stated, "I'm telling you

right now, you're going to hear more talk about it, Mr. Ayala-Gonzalez comes back and forth from

Ohio to pick up cocaine from the owner of Pandora's and take it back to Ohio and sell it" (Trial

Transcript at 392). This information was never supplied at trial by the prosecution, either through

*Molineux, Sandoval,* or other direct evidence. It was touched upon at trial, but defense counsel

could not leave this prejudicial information alone. She targeted it once gain in summation, "We

told you he's a drug dealer. He comes here to and from Ohio to deal drugs . . . He's a drug dealer"

(Trial Transcript at 939-940). Unfortunately, the prosecutor used this to her advantage in the

summation to push the theory that this was a drug-deal gone wrong that resulted in a shooting and

that Mr. Ayala-Gonzalez shot the decedent over a batch of drugs, a theory that was never proven

at trial (Trial Transcript at 985).

    13.   To call her client, Mr. Ayala-Gonzalez, a drug dealer was not connected to any

reasonable trial strategy. See, *Jeannot, supra,* 59 AD3d at 737; see also, *McCray,* 140 AD3d at

798. It did not advance any of the defense theories. This is extremely prejudicial, in this case

especially. It conveyed to the jury that Mr. Ayala-Gonzalez was involved in a vast drug-trafficking

network that spanned several states. Furthermore, it supplanted a motive that this was a drug-

related murder which was otherwise unproven by the prosecution.

    14.   A further, and grossly prejudicial, mistake was when they failed to object and

allowed the prosecution to elicit other expert testimony through the ballistics expert. During the

direct examination of Erica Coombs, the prosecution asked the witness if any other individuals

created an "opinion" relative to the ballistics report in this case. The witness replied, "And Bert

Pandolfino, the other firearms examiner, he also came up with the same opinion, that it was fired

from that pistol" (Trial Transcript at 859). This was surrogate testimony which is inadmissible.

See, *Bullcoming, supra,* 56i4 US at 652. The prosecution put forth no testimony that Pandolfino

was unavailable to testify. His findings were independent and not based on raw data. Pandolfino,

in this case, was not subject to cross examination. Here, there was absolute denial of the right to

confrontation. It should not have been introduced on such a crucial topic – mainly the murder

weapon.

15.     Looking at these, there is not one but at least five critical areas where there were mistakes by the defense counsel and that is the first prong of *Strickland* – that they prejudiced the client at trial and may have created a different result is obvious from the nature of errors. Most critically, in calling her client a drug dealer, the defense counsel surely prejudiced and allowed an inference to be inferred that this was a drug transaction gone bad. Absent that and much of the other prosecutorial misstatements, which failed to be objected to, the result should and could have been different. Failures on the part of defense counsel rose to the level of ineffective assistance of counsel.

16.     In looking at this case, it is clear that the defense counsel's representation "fell below an objective standard of reasonableness" (*Strickland, supra*, 466 US at 668). It is clear that there is a reasonable probability, that but for the defense counsel's unprofessional errors, the result in this proceeding would have been different. See, *People v. Okongwu*, 71 AD3d 1393 at 1396 (4th Dept 2010).

17.     This Court must hold a hearing as to the §440.10 motion which must not be summarily granted. See, *People v Gaston*, 163 AD3d 442 (1st Dept 2018); see also, *People v. Washington*, 128 AD3d 1397 (4th Dept 2015); see also, *People v. Mercado*, 147 AD3d 613 (1st Dept 2017). See, *People v. Scott*, 181 AD3d 1220. This case was remanded for an evidentiary hearing. I represented Mr. Scott, both at the appeal which caused a remand, and the hearing, the result which is still pending in the Appellate Division. In this case there was raised issues as to alibi and these were summarily denied by Supreme Court Judge Christopher J. Burns. The same judge, coincidentally, that presided over the trial of Mr. Ayala-Gonzalez.

DATED:     May 3, 2022

_____
Michael J. Stachowski

STATE OF NEW YORK
COUNTY COURT   :   COUNTY OF ERIE

PEOPLE OF THE STATE OF NEW YORK,

        vs.

ABIMAEL AYALA-GONZALEZ,

        Defendant.

**AFFIDAVIT OF SERVICE**

Indictment No. 01459-2014

STATE OF NEW YORK )
COUNTY OF ERIE      ) ss:

    DIANA SZYMENDERA, being duly sworn, deposes and says that she is an employee of the offices of Michael J. Stachowski PC, the attorney for the Defendant, that she is not a party to the action and is 18 years of age or over.

    On May 5, 2022, deponent served a copy of the within *Notice of Motion to Vacate Judgment* with supporting *Affidavit* of Abimael Ayala-Gonzalez and *Attorney Affirmation* upon:

> John Flynn, Esq.
> Erie County District Attorney
> 25 Delaware Avenue
> Buffalo, NY   14202

at the addresses, designated by said attorney for that purpose by depositing a true copy of the same enclosed in a first class, postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                          Diana Szymendera

Sworn to before me this
5th day of May, 2022.

Notary Public

Michael J Stachowski
Notary Public, State of New York
No. 02ST4518075
Erie County - Expires: January 31, 2023

# EXHIBIT 1 and 2
# (Disk Attached Hereto)

Exhibit 1: Jury Trial Transcript-5-6-2016
Exhibit 2: Appellant Brief Point III



NEW YORK STATE

NEOPOST
04/08/2024
US POSTAGE $002.11⁰

ZIP 14004
041M11281621

WENDE

CORRECTIONAL FACILITY

To: Clerk, U.S. District Court
United States Court House
Buffalo, NY 14202-3350

USDC - WDNY
APR 22 2024
BUFFALO

MAILED

LEGAL MAIL

WENDE CORRECTIONAL FACILITY
Wende Rd., P.O. Box 1187
Alden, New York 14004-1187

3 of 4

NAME: Abimael Ayala Gonzalez DIN: 16B2592

21cv177

Legal Mail